**Roy Millard HALL, Appellant**

v.

**The STATE of Texas, Appellee.**

**Nos. B14–87–00665–CR,
C14–87–00666–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 7, 1988.

Wendell A. Odom, Jr., Houston, for appellant.

John F. Carroll, Houston, for appellee.

Before PAUL PRESSLER,
DRAUGHN and ELLIS, JJ.

OPINION

ELLIS, Justice.

Appellant entered pleas of guilty to the offenses of possession of a controlled substance, methamphetamine, in an amount less than 28 grams, and possession of marijuana, in an amount of 5 pounds or less but more than 4 ounces. TEX.REV.CIV.STAT. ANN. art. 4476–15, §§ 4.04(b) and 4.05(b)(3). He was convicted and the court assessed punishment at twenty-five years imprisonment in each case. We affirm.

Appellant raises a single point of error on appeal, contending that the trial court erred by failing to reveal the identity of the confidential informant or to conduct an in camera hearing to determine the truth and veracity of the affidavit which served as the basis for the search of appellant's home.

In his brief, appellant cites cases based on Texas and United States constitutional law to argue that disclosure of the identity of the confidential informant who supplied information to police authorities was mandatory, or that, at the very least, the trial court was required to hold an in camera hearing to determine the truth and veracity of the affidavit which supported issuance of the search warrant. Appellant did not request disclosure of the informant's identity or an in camera hearing in his written motion to suppress evidence. At the hearing on the motion to suppress, appellant's argument for disclosure of the confidential informant's identity, or, in the alternative, for an in camera hearing, was framed entirely in terms of statutory authority, in this case TEX.R.CRIM.EVID. 508(c)(3). It was appellant's position at the hearing on the motion to suppress evidence that the cited authority mandates disclosure of the informant's identity, or in camera review.

■ We do not reach the constitutional questions raised by appellant in his brief. Because appellant, at the hearing on the motion to suppress, expressly and exclusively invoked Rule 508(c)(3), we must only

determine whether that provision required the trial court to take the action advocated by appellant. *See Waldo v. State,* 746 S.W.2d 750, 752 n. 2 (Tex.Crim.App.1988). Rule 508(c)(3) provides as follows:

> (3) *Legality of obtaining evidence.* If information from an informer is relied upon to establish the legality of the means by which evidence was obtained and the judge is not satisfied that the information was received from an informer reasonably believed to be reliable or credible, he may require the identity of the informer to be disclosed. The judge shall, on request of the public entity, direct that the disclosure be made in camera.

While this provision has not previously been interpreted by the courts, its import seems abundantly clear by its own terms. With respect to the need for an in camera hearing, that is a request which can only be made by the public entity. It is uncontroverted that was not done in this case.

It is left to the trial judge to determine whether disclosure of a confidential informant's identity is warranted. The provision is written in discretionary terms and the action of the trial court will only be overturned where an abuse of discretion is demonstrated.

It seems clear there was a conflict between the testimony of appellant and his sister and that of the officer who obtained information from the confidential informant. But the trier of fact, in this case the trial court, is the exclusive judge of the credibility of the witnesses and the weight to be afforded their testimony. *See Bonham v. State,* 680 S.W.2d 815, 819 (Tex. Crim.App.1985), cert. den. 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985). It was left to the trial court to determine the relative credibility of the witnesses, and the weight to be given their testimony. Implicit in the trial court's ruling is the holding that he was satisfied the information upon which the search warrant was based was received from an informer reasonably believed to be reliable or credible. Without something more than what appellant presents here, we are unprepared to hold

that the trial court abused his discretion in making this determination. Appellant's sole point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.