**Steven James BODIN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. C14–89–00204–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 8, 1991.

Rehearing Denied Oct. 10, 1991.

Frank Hughes, Crosby, for appellant.

Timothy G. Taft, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION ON REMAND

ELLIS, Justice.

Appellant, Steven James Bodin, appeals his judgment of conviction for the offense of possession of a controlled substance, methamphetamine, less than 28 grams. TEX. HEALTH AND SAFETY CODE § 481.102(6) and § 481.115(a), (b) (Vernon Supp.1991). After his motions to suppress and to disclose the identity of the confidential informer were denied, appellant pled guilty to the Court pursuant to a plea bargain. The Court found appellant guilty and assessed punishment at seventeen (17) years confinement in the Institutional Division of the Texas Department of Criminal Justice. This Court affirmed the conviction on November 9, 1989, *Bodin v. State*, 782 S.W.2d 258 (Tex.App.—Houston [14th Dist.] 1989). The Court of Criminal Appeals reversed our judgment on March 13, 1991. *Bodin v. State*, 807 S.W.2d 313 stating that we misconstrued Rule 508(c)(2) of the TEX.R.CRIM. EVID. (Vernon Pamp.1990) and that the trial Court erred by failing to hold an in camera hearing as required by 508(c)(2).

On May 30, 1991, we ordered the trial court to conduct an in camera hearing pursuant to the Court of Criminal appeals opinion. Specifically, the trial Court was ordered to determine whether the informer had information material to appellant's possession of drugs and could have had information relevant to a possible defense of entrapment. On June 13, 1991, the trial Court conducted an in camera hearing and filed findings of fact and conclusions of law. We now are to determine whether the trial Court properly refused to order the State to disclose the name of the informer. We will affirm.

A factual summary of the evidence adduced at the hearing on appellant's motion to suppress and his motion to identify the informant is as follows. Officer Virgil Price of the Houston Police Department testified he and his partner, Officer Mitchell, put together a controlled buy of narcotics on September 7, 1988, after receiving information from a confidential informant that appellant was engaged in drug trafficking at appellant's residence, located at 8800 Hammerly, apartment No. 810, Houston, Texas. Officers Price and Mitchell gave their confidential informant twenty-five dollars and watched him go inside appellant's apartment. Price stated the informant emerged four or five minutes later with the methamphetamine just purchased from appellant. The informant provided Price with a description of appellant. Price then prepared an affidavit and search warrant which was later approved and signed by a district judge.

Officers Price and Mitchell executed the warrant on September 8, 1988, along with two other Houston Police Department Officers, Bortosh and Lyles. Bortosh testified that, upon entry, he encountered appellant getting out of bed. Bortosh then found in the left front pocket of the pants appellant was wearing a magnetic key box containing a plastic bag which held two and one-half grams of methamphetamine.

Appellant submits, in his point of error, that the trial court erred in overruling his

motion to require the State to identify the confidential informant. Appellant cites TEX.R.CRIM.EVID. 508(c)(2) and urges that the trial court abused its discretion by not ordering either the disclosure of the identity of the informant or, in the alternative, that she did not give the public entity an opportunity to show, in camera, facts relevant to guilt or innocence, to determine whether the informant can, in fact, supply such testimony.

TEX.R.CRIM.EVID. 508(c)(2) provides:

"*If it appears from the evidence* in the case or from other showing by a party that an informer may be able to give testimony necessary to a fair determination of the issues of guilt, innocence and the public entity invokes the privilege, the judge shall give the public entity an opportunity to show in camera facts relevant to determining whether the informer can, in fact, supply that testimony ..." (*our emphasis*).

Rule 508(c)(2) appears to contemplate that if the trial judge finds the informant can, in fact, provide such testimony, then the State will either disclose the identity of the informant or the charges will be dismissed. *Thompson v. State*, 741 S.W.2d 229, 231 (Tex.App.—Fort Worth 1987, no pet.).

The trial Court made the following findings of fact and conclusion of law after holding the in camera hearing.

### FINDINGS OF FACT

1. That Officer Edward W. Mitchell of the Houston Police Department met with a credible and reliable informant on September 7, 1988 for the purpose of making a controlled buy of methamphetamine from the Defendant.
2. That Officer Mitchell had used this informant, a female, on many occasions and that she had proven to be reliable.
3. That Officer Mitchell searched the informant prior to her entering the Defendant's apartment and had ascertained that the informant did not have methamphetamine or any other controlled substance on her person.
4. That Officer Mitchell provided the informant with the money to make the methamphetamine purchase.
5. That the informant entered the Defendant's apartment and returned with methamphetamine, telling Officer Mitchell that she had purchased it from a person named James inside the apartment.
6. That based on the information provided by the informant, Officer Mitchell and his partner obtained a search warrant for the Defendant's apartment.
7. That at the time of the execution of the search warrant and arrest of the Defendant, the informant was not present.
8. That Officer Mitchell is a credible witness, and the Court accepts as true his testimony as to the actions of the informant prior to the arrest of the defendant as to the absence of the informant a the time of the search and arrest of the Defendant.

### CONCLUSIONS OF LAW

1. The informant did not participate in the offense, was not present at the time of the commission of the offense or arrest of the Defendant and is not a material witness in that the testimony of the informant would not significantly aid the Defendant.
2. The informant and the man referred to by the Defendant as "James" are not one and the same person.
3. The informant cannot supply testimony necessary to a fair determination of the Defendant's guilt or innocence. While the informant may have had information material to the Defendant's possession of methamphetamine at the time of the controlled buy, she was not present at the time of the execution of the search warrant and arrest of the Defendant and could not have supplied testimony relevant to that time period. Likewise the informant did not have information relevant to an entrapment defense.

During trial appellant testified that a man named James brought drugs into his apartment on September 7, 1988. James "did some drugs" when appellant was in the bedroom, then left fifteen minutes later. Appellant noticed a key box sitting on his kitchen table, and assumed James had left the box. Appellant put the box in his pocket, meaning to later return it to James when the police entered the apartment with the search warrant. Officers found the methamphetamine in this key box.

Appellant contends that the information he sought was whether James was the informer. If James were the informer, then his presence at the apartment before appellant's arrest would be material evidence regarding a possible entrapment defense. The trial Court in its findings of fact and conclusions of law found against appellant's contentions. We find that the trial Court, after conducting the in camera hearing, did not abuse its discretion when it found that the informer could not supply testimony or evidence necessary to a fair determination of appellant's guilt or innocence. Thus, the trial court did not err in refusing to order the State to identify the confidential informer. Appellant's sole point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.