**Kenneth Ray WASHINGTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–93–00419–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

June 15, 1995.

---

David Bires, Houston, for appellant.

Kimberly Stelter, Houston, for appellee.

Before LEE, AMIDEI and EDELMAN, JJ.

## OPINION

LEE, Justice.

Appellant entered a plea of not guilty before the jury to possession and intent to deliver more than 28 grams and less than 400 grams of a controlled substance. TEX. HEALTH & SAFETY CODE ANN. §§ 481.112; 481.115 (Vernon 1989).[1] He was convicted of the possession charge and the jury assessed punishment at imprisonment for 7 years, pro-

---

1. The crime for which appellant was convicted was committed before September 1, 1994, the effective date of the revised penal code. *See* Acts 1993, 73rd Leg., ch. 900, § 1.18(b). Therefore, all references to the penal code are to the code as in effect at the time the crime was committed.

bated, and a $1 fine. In four points of error, appellant contends there was insufficient evidence to show that he exercised care, custody, or control over the substance, the search of his business was not supported by a valid search warrant, and the identity of a confidential informant should have been revealed. We affirm.

On September 29, 1992, appellant was stopped outside of his business by a team from the Houston Police Department. Pursuant to a search warrant, the team searched his business and found over 100 grams of crack cocaine in appellant's office. The officers also found a digital scale commonly used in drug trafficking in appellant's desk.

In his first point of error, appellant argues that the evidence was insufficient to show that he exercised care, custody, or control over the cocaine. When reviewing the sufficiency of the evidence, we look at the evidence in the light most favorable to the verdict. *Garrett v. State*, 851 S.W.2d 853, 857 (Tex.Crim.App.1993); *Houston v. State*, 663 S.W.2d 455, 456 (Tex.Crim.App.1984). In doing so, we are to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Ransom v. State*, 789 S.W.2d 572, 577 (Tex.Crim.App.1989), *cert. denied*, 497 U.S. 1010, 110 S.Ct. 3255, 111 L.Ed.2d 765 (1990). *See also, Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Butler v. State*, 769 S.W.2d 234 (Tex.Crim.App.1989). The standard of review is the same for both direct and circumstantial evidence. *Geesa v. State*, 820 S.W.2d 154, 161 (Tex.Crim.App.1991); *Christian v. State*, 686 S.W.2d 930, 934 (Tex. Crim.App.1985).

To support a conviction for unlawful possession, the state must prove that the accused: 1) exercised care, control and management over the contraband; and 2) knew the matter possessed was contraband. *Id.; Campbell v. State*, 822 S.W.2d 776, 777 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd).

Appellant took the stand and testified on his own behalf. He admitted he was the owner of the fast food restaurant where the cocaine was found, but contended that the cocaine was not his. He testified that he was at the restaurant at various times of day, as his schedule permitted, approximately eight hours a day. In addition to himself, the restaurant employed five people each of which had access to his office. He normally kept the office locked when he was not working at the restaurant, but a key to the office was left in the cash register for the employees to use. Appellant testified the cocaine and the scale were not his but, rather, belonged to one of the employees. None of the employees testified on his behalf. Appellant argues on appeal, that the state did not adequately show that he exercised care, custody, or control over the cocaine.

When an accused is not in exclusive possession of the place where the contraband is found, the state must present additional independent facts and circumstances that affirmatively link the accused to the contraband. The affirmative link must raise a reasonable inference that the accused knew of and controlled the contraband. *Christian,* 686 S.W.2d at 932; *Dickerson v. State*, 866 S.W.2d 696, 700 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd); *Cooper v. State*, 852 S.W.2d 678, 681 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd). Some factors on which various courts have relied to provide this affirmative link include: the place where the contraband was found was enclosed; the contraband was conveniently accessible to the accused; the accused was the owner of the place where the contraband was found; the quantity of drugs found; the accused possessed a key to the locked location of the drugs; a tip by an informant that the accused was in possession of contraband; the accused was in close physical proximity to a large quantity of contraband; and drug paraphernalia was found on or in plain view of the accused. *Stokes v. State*, 853 S.W.2d 227, 239 (Tex.App.—Tyler 1993, no pet.); *Ettipio v. State*, 794 S.W.2d 871, 874 (Tex.App.— Houston [14th Dist.] 1990), *pet. dism'd, improvidently granted*, 817 S.W.2d 344 (1991); *Richardson v. State*, 751 S.W.2d 663, 665 (Tex.App.—Houston [1st Dist.] 1988), *rev'd on other grounds*, 786 S.W.2d 335 (1990), *cert. denied*, 502 U.S. 972, 112 S.Ct. 448, 116 L.Ed.2d 466 (1991); *see also Deshong v.*

*State,* 625 S.W.2d 327, 329 (Tex.Crim.App. [Panel Op.] 1981).

The record reflects that on September 29, 1992, police placed appellant's restaurant under surveillance. The police arrived after the restaurant had closed and only appellant remained in the business. After appellant left the business, the police stopped him and placed him under arrest. Using appellant's keys, the police entered the business and determined that no one was inside the building. An officer used another key to unlock the padlock on appellant's office door. A narcotics search dog entered the office and identified a trash can and desk as potential locations for controlled substances. A subsequent search uncovered 1) over 100 grams of crack cocaine; 2) a small amount of crack cocaine wrapped in aluminum foil; 3) a piece of aluminum foil with residue of crack cocaine; and 4) a box containing a digital scale. All of the items were located in appellant's office. The 100 grams of cocaine were found between the liner of the trash can and the trash can. The small amount of crack wrapped in aluminum foil was found "in the seating part of the desk," while the aluminum foil with residue of crack and the scale were found in the desk drawers. An officer testified that the scale was a type commonly used in drug trafficking.

Appellant argues that the evidence presented fails to establish a link between him and the cocaine. We disagree. We find that the following facts provide an affirmative link which raised a reasonable inference that appellant had knowledge of and controlled the crack cocaine:

1. the office was enclosed and normally locked;

2. the cocaine was conveniently accessible to appellant and significantly less accessible to his employees;

3. appellant owned the restaurant where the cocaine was found and the cocaine was found in his office;

4. a large quantity of drugs were found;

5. appellant possessed a key to the locked office which the police used to open the office; and

6. a digital scale commonly used in drug trafficking was found in his desk.

The entirety of appellant's argument is based on his testimony that the cocaine and the drug paraphernalia were not his. By its verdict, it is clear that the jury did not believe him. The jury may accept or reject the state's version of the facts and it is up to them to weight the credibility of the witnesses. *Elkins v. State,* 822 S.W.2d 780, 783 (Tex.App.—Houston [14th Dist.] 1992, pet. ref'd). The jury may even choose to reject all of the defendant's testimony. *Id.; Alvarado v. State,* 822 S.W.2d 236, 240 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd). We are not to reweigh the evidence as a thirteenth juror. *Watson v. State,* 861 S.W.2d 410, 413 (Tex.App.—Beaumont 1993, pet. ref'd) *cert. denied,* —— U.S. ——, 114 S.Ct. 1659, 128 L.Ed.2d 376 (1994). We find the evidence presented provided an affirmative link from which the jury could rationally find that appellant controlled the cocaine and knew the cocaine was contraband. Appellant's first point of error is overruled.

In his second and fourth points of error, appellant complains of the sufficiency of the evidence supporting the search warrant. In his second point of error he argues there was not probable cause to search the restaurant. The search warrant was based on the affidavit of a police officer. The officer attested that he spoke with a reliable and credible confidential informant. The informant told him that appellant was selling cocaine out of his business. An interested buyer was to call a pager number and appellant would return the call. Appellant would then meet the buyer at a specified location, pick up the prospective buyer, drive around the block, return the buyer to the original location, and return to the restaurant. The police officer placed appellant under surveillance and observed appellant conducting sales exactly as described by the informant. In order to further substantiate the confidential informant's claims, the officer had the informant perform three "controlled buys." In each instance, the officer would search the informant for drugs prior to the transaction. The officer observed the informant and appellant as they conducted a transaction ex-

actly as the informant had previously described. Each time, when he returned, the informant had purchased cocaine from appellant. Appellant admits the affidavit supports searching his person or his automobile, but argues it does not support searching his restaurant because none of the activity was conducted in the restaurant and he was not ever seen taking cocaine in or out of the restaurant.

In order for a search warrant to be valid it must be based on probable cause. U.S. CONST. amend. IV.; *Lowery v. State,* 843 S.W.2d 136, 138 (Tex.App.—Dallas 1992, pet. ref'd). A magistrate issuing a search warrant is to "make a practical, common-sense decision" whether there is a "fair probability that contraband or other evidence of a crime will be found in a particular place" given the totality of the circumstances. *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983); *accord Heitman v. State,* 789 S.W.2d 607, 610 (Tex. App.—Dallas 1990, pet. ref'd). As a reviewing court we are to ensure that the magistrate had a substantial basis for concluding that probable cause existed and we are to give the magistrate's decision great deference. *Gates,* 462 U.S. at 236, 238, 103 S.Ct. at 2331, 2332; *Lowery,* 843 S.W.2d at 138–39. An unnamed informant's tip combined with independent police investigation may provide a substantial basis for a finding of probable cause. *Lowery,* 843 S.W.2d at 141.

In this case, we are presented with a warrant supported by a tip from a known reliable confidential informant that appellant was "selling crack cocaine from his business." The informant described in detail how a transaction was conducted. The police independently verified each portion of the informant's information except the exact location of where the crack cocaine was being stored. In *Bodin v. State,* 782 S.W.2d 258 (Tex. App.—Houston [14th Dist.] 1989), *rev'd on other grounds,* 807 S.W.2d 313 (Tex.Crim. App.1991),[2] this court held that an affidavit was based on probable cause even though it did not ever say that the informant saw

methamphetamine in the accused apartment beyond that which he purchased. An informant told an officer that he had purchased a half of a gram of methamphetamine in the apartment. Other officers verified the informant's statement with a controlled buy in the apartment. We held the information in the affidavit was sufficient to infer that methamphetamines were located in the apartment. *Id.* at 259–60. The current case is nearly identical. On three occasions the police observed appellant leave his business and then meet with an informant for a controlled buy. The controlled buys transpired exactly as described by the informant. The informant's statement that appellant was selling cocaine out of his business when coupled with the events observed by the officers, created facts and circumstances that would raise a reasonable inference that cocaine was being stored in and sold from the business. *See Nichols v. State,* 877 S.W.2d 494 (Tex.App.—Fort Worth 1994, pet. ref'd); *cf. Cassias v. State,* 719 S.W.2d 585 (Tex.Crim.App.1986).

Appellant argues that this case is controlled by *Hass v. State,* 790 S.W.2d 609 (Tex.Crim.App.1990). We disagree. In *Hass* the Court of Criminal Appeals, held a search warrant insufficient. The police stopped and arrested suspects just after they had left a warehouse. The police obtained a search warrant for the warehouse. The affidavit in support of the search warrant, originally stated that the officer 1) saw a suspicious vehicle parked at the warehouse; 2) saw two suspects enter the warehouse and heard sawing; and 3) saw the two subjects place "an unknown item inside the vehicle." After the vehicle left the warehouse the officer stopped the suspects and found amphetamine in the car. *Id.* at 611. The Court of Criminal Appeals determined the second and third statements in the affidavit were false and, therefore, could not be considered in determining probable cause. The affidavit, as reformed by the court, only included the statement that the officer saw a suspicious vehicle parked by the warehouse and amphetamine was later found in the car. The

---

2. *Bodin's* conviction was eventually affirmed after remand. *See Bodin v. State,* 816 S.W.2d 770

(Tex.App.—Houston [14th Dist.] 1991, no pet.).

court held the affidavit insufficient to establish probable cause. The court drew specific attention to the fact that the warehouse was not emitting a smell commonly associated with the manufacture of drugs. On this basis, the Court of Criminal Appeals determined there was not probable cause to search the warehouse because there was not a link between the warehouse and the possession or manufacture of drugs. *Id.* at 612.

In the current case the affidavit does link appellant, the restaurant and the crack cocaine inside the business. The informant told the officer appellant was "selling crack cocaine from his business." The officers observed activity around the restaurant which was consistent with the sale of drugs. Finally, the controlled buys demonstrated how appellant was conducting those sales from his business. We find the affidavit supports a finding of probable cause to search the restaurant. Appellant's second point of error is overruled.

In his fourth point of error, appellant makes a *Franks v. Delaware*,[3] challenge to the search warrant. He argues that the search warrant was obtained with false statements which were made intentionally, knowingly, or with substantial disregard for the truth.

■ At the suppression hearing, witnesses provided appellant with alibis. The alibi witnesses testified that appellant was with them in another location or that appellant's vehicle was being used to make deliveries for the restaurant when the controlled buys transpired. At a motion to suppress hearing, the trial judge is the sole finder of fact and may believe or disbelieve any or all of the testimony presented. *Taylor v. State*, 604 S.W.2d 175, 177 (Tex.Crim.App. [Panel Op.] 1980); *Salazar v. State*, 893 S.W.2d 138,

140 (Tex.App.—Houston [1st Dist.] 1995, pet. ref'd, untimely filed). We are to view the evidence in the light most favorable to the trial court's ruling and determine if the court abused its discretion. *Salazar*, 893 S.W.2d at 140; *Santos v. State*, 822 S.W.2d 338, 339 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd).

■ Appellant has failed to make a "substantial preliminary showing" that the affidavit contained false statements made *intentionally, knowingly or with substantial disregard for the truth.* Nothing in the record indicates that the statements in the affidavit were false. *Cf. Hass*, 790 S.W.2d at 612. The contradictory testimony presented by appellant does not in an of itself make the information false. Rather it raises a fact question which is to be resolved by the trial court sitting as a finder of fact. *Alvarado v. State*, 853 S.W.2d 17, 23 (Tex.Crim.App. 1993). Clearly, the trial court determined that the affiant was credible while the alibi witnesses were not. Without making this initial showing, appellant has not satisfied the first prong of *Franks. Ettipio*, 794 S.W.2d at 874; *see also Dancy v. State*, 728 S.W.2d 772, 781–82 (Tex.Crim.App.1987), *cert. denied*, 484 U.S. 975, 108 S.Ct. 485, 98 L.Ed.2d 484 (1987). Accordingly, appellant's fourth point of error is overruled.

In his third point of error, appellant argues the identity of the confidential informant should have been revealed. Alternatively, appellant argues the trial court should have held an in camera hearing to determine if the identity of the confidential informant should be revealed. Appellant urges that the informer might be able to give testimony necessary to a fair determination of guilt.

■ The state "has a privilege to refuse to disclose the identity of a person who

---

3. *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). The Court of Criminal Appeals has stated that:

where a defendant makes a preliminary showing that the affiant to a search warrant affidavit intentionally, knowingly or with reckless disregard of the truth includes a false statement therein, the defendant must be afforded a hearing to determine the validity of his claim.... Where the defendant makes a sufficient preliminary showing and where the trial

court at the subsequent hearing determines that the affiant did knowingly, intentionally or with reckless disregard include false statements in the affidavit those statements shall be disregarded by the court in determining whether the affidavit sets out probable cause. *Taylor v. State*, 604 S.W.2d 175, 177 (Tex.Crim. App. [Panel Op.] 1980) (citing *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978) and *Juarez v. State*, 586 S.W.2d 513 (Tex.Crim.App. [Panel Op.] 1979)).

has furnished information relating to or assisting" in an criminal investigation. TEX. R.CRIM.EVID. 508(a). The identity of the informer is, however, to be disclosed if:

> (2) If it appears from the evidence in the case or from other showing by a party that an informer may be able to give testimony necessary to a fair determination of the issues of guilt, innocence and the public entity invokes the privilege, the judge shall give the public entity an ·opportunity to show in camera facts relevant to determining whether the informer can, in fact, supply that testimony; or

> (3) If information from an informer is relied upon to establish the legality of the means by which evidence was obtained and the judge is not satisfied that the information was received from an informer reasonably believed to be reliable or credible, he may require the identity of the informer to be disclosed. The judge shall, on request of the public entity, direct that the disclo- ·sure be made in camera.

*Id.* at 508(c)(2)–(3); *Brokenberry v. State,* 853 S.W.2d 145, 148 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd); *Hall v. State,* 778 S.W.2d 473, 474 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd). The informer's potential testimony must significantly aid in the determination of guilt of the accused. *Bodin v. State,* 807 S.W.2d 313, 318 (Tex. Crim.App.1991). A defendant who makes a request under rule 508 has the threshold burden of demonstrating that the informer's identity must be disclosed. *Rugendorf v. United States,* 376 U.S. 528, 534–35, 84 S.Ct. 825, 829–30, 11 L.Ed.2d 887 (1964); *Bodin,* 807 S.W.2d at 318. The defendant is only required, however, to make a plausible showing of how the informer's information may be important, but mere conjecture or speculation is insufficient. *Bodin,* 807 S.W.2d at 318.

 Appellant argues the identity of the confidential informant should have been disclosed because his primary defense was mistaken identity. At the suppression hearing, appellant presented witnesses which provided him with an alibi for the times of the three controlled buys. Appellant asserts that the informer's identity was necessary

because the informer was potentially an exculpatory witness as the only other person involved in the controlled buys. In support of his argument, appellant relies on *Anderson v. State,* 817 S.W.2d 69 (Tex.Crim. App.1991) and *United States v. Ayala,* 643 F.2d 244 (5th Cir.1981). In both cases, the appellate courts determined the identity of the informant should have been revealed to the accused *because the informant participated in or witnessed the criminal activity.* In *Anderson,* the informant went with an undercover officer to an apartment while the officer purchased 0.13 grams of methamphetamine. *Anderson,* 817 S.W.2d at 70. The Court of Criminal Appeals held that the accused was entitled to have the informant's identity disclosed. In coming to this conclusion the court stated: "Whenever it is shown that an informant was an eyewitness to an alleged offense then certainly that informant can in fact give testimony 'necessary to a fair determination of the issues of guilt, innocence.' " *Id.* at 72. Similarly, in *Ayala,* the informant, an undercover DEA agent, and a co-defendant, Lopez, participated in a drug transaction with the other co-defendant, Ayala. The Fifth Circuit determined that the informant's identity should have been revealed partially because Ayala alleged that he was not present at the drug transaction and that the informant might provide exculpatory testimony. *Ayala,* 643 F.2d at 247. In both cases, the informant actively participated in the transaction that resulted in the charged offense. In the current case, the informant actively participated in the transactions which resulted in probable cause to search appellant's business but did not participate in the charged offense. Rule 508(c)(3) governs whether the identity of an informer must be disclosed to support the means used to obtain evidence. Under the rule, if the *judge* is not satisfied that the informant was reliable and credible, he or she may require the identity of the informant to be disclosed. TEX.R.CRIM.EVID. 508(c)(3); *Hall,* 778 S.W.2d at 474. *See also Bodin,* 807 S.W.2d at 319 n.2. As the trier of fact, the trial court determined there was probable cause to issue the search warrant without requiring the informant's identity. Implicit in that ruling is the holding that he was satisfied with the information upon which the

search warrant was based. On the record before us, we cannot say that the trial court abused its discretion in determining that the informant was reliable and credible without requiring his identity be disclosed. *Hall,* 778 S.W.2d at 474.

 Appellant also argues that the identity of the informant should have been disclosed because the identity of the informant was necessary for a fair determination of guilt. The informant's information was only used to establish probable cause for the search warrant. When the informant is not present when a search warrant is executed and the informant does not participate in the offense for which the defendant is charged, the identity of the informant does not need to be disclosed because the informant's testimony is not essential to a fair determination of guilt. *Abdel–Sater v. State,* 852 S.W.2d 671, 674 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd); *accord, Murray v. State,* 864 S.W.2d 111, 118 (Tex.App.—Texarkana 1993, pet. ref'd); *Mills v. State,* 847 S.W.2d 453, 457 (Tex.App.—Eastland 1993, pet. ref'd). Appellant does not draw our attention to, and we have been unable to locate, any indication in the record that the jury heard evidence about the prior "controlled buys" or other information given by the informant. The identity of the informant would not have aided in appellant's defense. Appellant's third point of error is overruled and the judgment of the trial court is affirmed.