Affirmed and Memorandum Opinion filed April 14, 2005









Affirmed and Memorandum Opinion filed April 14, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NOS. 14-03-01112-CR
&

      14-03-01113-CR

____________

 

ANDREW SANCHEZ
SELPH,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 9th
District Court

Waller County, Texas

Trial Court Cause Nos. 03-07-11,515
& 03-07-11,516

 



 

M E M O R A N D U M   O P I N I O N








Appellant was charged by indictment with
possession of marijuana and possession of cocaine with the intent to
manufacture or deliver.  He filed a
motion to suppress the drug paraphernalia and large amounts of cash, cocaine,
and marijuana seized during a search of his house.  The trial court denied the motion.  Appellant pleaded Anot guilty@ to both
offenses.  A jury found appellant guilty
and assessed punishment at thirty years in the Texas Department of Criminal
Justice, Institutional Division for possession of cocaine and ten years for
possession of marijuana.  In two issues,
appellant asserts the trial court erred in denying (1) his motion to suppress
evidence seized pursuant to a search warrant, and (2) his motion to require
disclosure of an informant under Texas Rule of Evidence 508(c)(3).  We affirm.

Issues and
Analysis

I.        Did the trial court err in denying
appellant=s motion to suppress evidence
seized pursuant to a search warrant?

 

In his first issue, appellant argues that
the trial court erred in denying his motion to suppress evidence that allegedly
was obtained in violation of the Fourth, Fifth, Sixth, and Fourteenth
Amendments of the United States Constitution; Articles 9, 10, and 19 of the
Texas Constitution; and article 38.23 of the Texas Code of Criminal
Procedure.  At the  motion-to-suppress hearing, appellant argued
the search was illegal, alleging the affidavit supporting the search warrant
was legally insufficient to sustain an arrest warrant because it (1) did not
reflect sufficient probable cause; (2) was not issued by a neutral magistrate;
and (3) was not properly sworn before a neutral magistrate.  The trial court found that the evidence fell
within the good-faith exception in article 38.23(b) of the Texas Code of
Criminal Procedure and denied the motion. 
See Tex. Code Crim. Proc.
Ann. art. 38.23(b) (Vernon Supp. 2004).








We review the trial court=s ruling on a
motion to suppress evidence under an abuse-of-discretion standard.  Long v. State, 823 S.W.2d 259, 277
(Tex. Crim. App. 1991).  A trial court=s ruling on a
motion to suppress, if supported by the record, will not be overturned.  Brooks v. State, 76 S.W.3d 426, 430
(Tex. App.CHouston [14th Dist.] 2002, no pet.).  At a suppression hearing, the trial judge is
the sole finder of fact and is free to believe or disbelieve any or all of the
evidence presented.  Id.  We give almost total deference to the
trial court=s determination of historical facts that
depend on credibility and demeanor, but review de novo the trial court=s application of
the law to the facts if resolution of those ultimate questions does not turn on
the evaluation of credibility and demeanor. 
See Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App.
1997).  When, as in this case, the trial
court fails to file findings of fact, we view the evidence in the light most
favorable to the trial court=s ruling and
assume that the trial court made implicit findings of fact that support its
ruling as long as those findings of fact are supported by the record.  State v. Ross, 32 S.W.3d 853, 855
(Tex. Crim. App. 2000).  Because the
trial court stated that it was denying the motion because the evidence fell
within the good-faith exception in article 32.23(b) of the Texas Code of Criminal
Procedure, we must first address this ground. 
See Brooks, 76 S.W.3d at 430. 
If we disagree with the trial court=s reason, but find
its ruling on the motion to suppress correct on a different theory of law
applicable to this case, we still may affirm its decision.  Id. at 430B31.

Article 38.23(b) of the Texas Code of
Criminal Procedure provides that evidence obtained by a law enforcement officer
acting with objective good-faith reliance upon a warrant issued by a neutral
magistrate and based on probable cause is admissible even if the evidence was
obtained in violation of the constitution or laws of Texas or of the
Constitution  or laws of the United
States.  Tex. Code Crim. Proc. Ann. art. 38.23(a) & (b) (Vernon
Supp. 2004).  Under its unambiguous
language, article 38.23(b) requires an initial finding of probable cause.  Curry v. State, 808 S.W.2d 481, 482
(Tex. Crim. App. 1991).  On appeal,
appellant argues that article 38.23(b) does not apply to this case because (1)
the affidavit did not establish probable cause; (2) the magistrate who issued the
warrant was not neutral; (3) the affidavit was not properly sworn; and (4) the
officers= reliance on the
warrant was unreasonable.








An affidavit is sufficient to establish
probable cause, if from the totality of the circumstances reflected in the
affidavit, a magistrate was provided with a substantial basis for concluding
that probable cause existed.  See
Illinois v. Gates, 462 U.S. 213, 238, 103 S. Ct. 2317, 2332, 76 L. Ed. 2d
527 (1983).  Allegations in a affidavit
are sufficient if they would A>justify a
conclusion that the object of the search is probably on the premises.=@  Ramos v. State, 934 S.W.2d 358, 363
(Tex. Crim. App. 1996) (quoting Cassias v. State, 719 S.W.2d 585, 587
(Tex. Crim. App. 1986).  In determining
the sufficiency of an affidavit to support the issuance of a warrant, we
consider only the facts found within the four corners of the affidavit.  Jones v. State, 833 S.W.2d 118, 123
(Tex. Crim. App. 1992).  We interpret the
affidavit in a common sense, realistic manner, recognizing that the magistrate
was permitted to draw reasonable inferences from the facts and circumstances
alleged.  Lagrone v. State, 742
S.W.2d 659, 661 (Tex. Crim. App. 1987).

Appellant asserts that the affidavit was
inadequate to support the issuance of a search warrant because the affidavit
failed to show probable cause.  Appellant
argues the affidavit does not demonstrate probable cause because it is
conclusory and does not contain sufficient facts upon which a magistrate could
conclude that evidence of the suspected offense could be found in appellant=s house.

The affidavit in question recites the
following facts:  

$                  
A
reliable confidential informant told the affiant, Officer Robert Burns, that
appellant and Larry Isbell were going to Houston (Harris County) to pick up a
sizeable quantity of cocaine and marijuana. 


$                  
According
to the informant, appellant and Isbell intended to transport the cocaine and
marijuana back to appellant=s house in Waller County. 

$                  
Burns
set up surveillance in the parking lot of a truck stop on the route from
Houston to appellant=s house.  

$                  
Burns
saw appellant driving by in a red Cadillac and followed the vehicle until it
turned into appellant=s driveway.  

$                  
Appellant
got out of his car, opened the trunk, and a retrieved package that Burns
thought had the same size, shape, and appearance of a ten-pound brick of
compressed marijuana.  

$                  
Seeing
Burns=s car, appellant turned his body to
conceal the package from Burns.  

$                  
Appellant,
package in hand, walked towards his house and went inside.

 








From the totality of the circumstances reflected in
the affidavit, the magistrate reasonably could have determined that probable
cause existed for the issuance of the search warrant.  See Gates, 462 U.S. at 238, 103 S. Ct.
at 2332.

Appellant next argues that Waller County
Justice of the Peace Delores Hargrave, the magistrate that issued the search
warrant, was not neutral.  Appellant
bases the alleged lack of neutrality on his assertion that the affidavit does
not contain enough factual information upon which Judge Hargrave could have
based an independent conclusion that there was probable cause to search
appellant=s house. 
Appellant asserts that Judge Hargrave acted as an adjunct law
enforcement officer by simply ratifying the conclusions of law enforcement
officers.  We disagree.  Based on our examination of the affidavit, we
conclude that it contains enough factual information to support an independent
conclusion that probable cause existed to search appellant=s house.  Appellant also argues that Judge Hargrave=s failure to sign
the affidavit is further evidence of her alleged lack of neutrality.  The affidavit supporting the search warrant
in this case is signed by the affiant but is not signed by a magistrate.  Appellant does not cite nor have we found any
authority stating that a magistrate=s failure to sign
the affidavit underlying a search warrant is evidence that the magistrate was
not neutral.  In addition, nothing in the
trial court record indicates that Judge Hargrave was not neutral.  Therefore, we find no merit in appellant=s contention and
conclude that Judge Hargrave was acting as a neutral magistrate when she signed
the search warrant in this case.








Next, appellant asserts that because the
affidavit is not signed, it was not properly sworn as required by article
18.01(b) of the Texas Code of Criminal Procedure.  Tex.
Code Crim. Proc. Ann. art. 18.01(b) (Vernon 2005).  Appellant further contends that due to this
defect in the affidavit, Judge Hargrave should not have issued the search
warrant based on the affidavit.  When the
jurat for the affidavit is defective, the fact that the affidavit was properly
sworn may be shown by other evidence.  See
Reese v. State, 712 S.W.2d 131, 133 (Tex. Crim. App. 1986), overruled on
other grounds by Reynolds v. State, 723 S.W.2d 685 (Tex. Crim. App. 1986); King
v. State, 167 Tex. Crim. 440, 442, 320 S.W.2d 677, 678 (1959).  When a magistrate states in a warrant that
the affiant has sworn to a statement in his affidavit, the affidavit may be
incorporated by reference into the warrant when the two instruments are stapled
together.  See Faulkner v. State,
537 S.W.2d 742, 744 (Tex. Crim. App. 1976). 
In such a case, the affidavit is considered properly sworn.  Id.

In this case, the warrant recites that the
affidavit was attached to it and that Burns swore to Judge Hargrave that the
facts in the affidavit were true.  The warrant
incorporates the affidavit by reference and creates a single document
containing both instruments.  By the
express terms of this document, the affidavit was duly sworn before a
magistrate.  Also, during the
motion-to-suppress hearing, both Burns and Judge Hargrave testified that Burns
orally swore to the information in the affidavit.  Based upon this testimony and reading the
affidavit and the search warrant as one document, the affidavit was properly
sworn.








Finally, appellant argues that the officers=
reliance on the warrant was unreasonable because the affidavit is so lacking in
indicia of probable cause to make reliance unreasonable.  Nothing in the record indicates that the law
enforcement officers executing the warrant did not act in objective good-faith
reliance on the warrant.  During the
motion-to-suppress hearing, Burns testified that he knew for a fact that Judge
Hargrave signed the affidavit.  When
shown a copy of the unsigned affidavit, he stated that he could not recall for
sure whether he saw Judge Hargrave sign the affidavit, but that it was her
normal practice to sign them.  Because
the trial judge was free to believe any or all evidence presented and to make a
determination of historical facts supported by the record after evaluating the
credibility and demeanor of Burns, we must give the trial judge=s
decision due deference.  See Guzman,
955 S.W.2d at 89.  Therefore, we find
that the trial court was acting within its discretion when it impliedly found
that Burns thought that Judge Hargrave signed the affidavit at the time the
judge executed the search warrant.  The
trial court did not abuse its discretion in determining that the officers were
acting in objective, good-faith reliance on the warrant when they seized the
evidence from appellant=s house.  See Long, 823 S.W.2d at 277.

Accordingly, we overrule appellant=s
first issue.

II.       Did the trial court err in denying
appellant=s motion to require disclosure
of an informant as allowed by Texas Rule of Evidence 508(c)(3)?

In his second issue, appellant asserts that the
trial court erred in denying his motion to require disclosure of the informant
who provided the information that formed the basis of  Burns=s
affidavit.  Appellant argues that under
Texas Rule of Evidence 508(c)(3), the trial court, in determining the legality
of the means by which the evidence was obtained, should have (1) required the
disclosure of the informant, and (2) conducted an in camera hearing to
determine if the informant was reliable and to preserve the trial court=s
determination of the informant=s
credibility for appellate review.  Such a
failure, appellant argues, denied him the right to a fair trial.

When information from an informant relates to
the legality of the means by which evidence was obtained instead of to the
merits of the case, the trial court, under Texas Rule of Evidence 508(c)(3),
may require disclosure of the informant=s
identity if the court is not satisfied that the informant is reliable or
credible.  See Tex. R. Evid. 508(c)(3).  We review a trial court=s
decision concerning disclosure of an informant=s
identity under an abuse-of-discretion standard. 
See Hall v. State, 778 S.W.2d 473, 474 (Tex. App.CHouston
[14th Dist.] 1998, pet. ref=d).  The trial judge is the exclusive judge of
credibility of witnesses and the weight of their testimony and has discretion
to decide whether disclosure is warranted. 
Id.








The trial court sustained the State=s objection
to appellant=s request for disclosure.  Implicit in this ruling is the holding that
the trial court was satisfied that the information on which the warrant was
based was received from an informant reasonably believed to be reliable or
credible.  In his bill of exception,
appellant argued that the informant was unreliable because only appellant was
seen transporting marijuana back to Houston even though the informant told Burns
that both appellant and Isbell would be transporting cocaine and marijuana back
to appellant=s house.  Burns testified he had used the informant in
the past and the informant had proven credible. 
The trial court is the exclusive judge of credibility of witnesses and
the weight to be given their testimony. 
The trial court did not abuse its discretion in determining that
disclosure of the informant=s
identity was not necessary.  See id.

Appellant also argues that the trial court erred in failing to
conduct an in camera hearing to determine the informant=s
identity and to preserve the trial court=s
determination of the informant=s
credibility for appellate review.  The
plain wording of Texas Rule of Evidence 508(c)(3) requires an in camera hearing
only if the trial court requires the disclosure of an informant=s
identity.  See Tex. R. Evid. 508(c)(3).  We have concluded that the trial court did
not abuse its discretion in not requiring this disclosure.  Therefore, an in camera hearing was not
required.  Accordingly, we overrule
appellant=s second issue.

Having overruled both of appellant=s
issues on appeal, we affirm the trial court=s
judgment.

 

 

 

/s/      Kem Thompson Frost

Justice

 

Judgment rendered and Memorandum Opinion filed April 14, 2005.

Panel consists of Justices Anderson, Hudson, and Frost.

Do Not Publish C Tex. R. App. P. 47.2(b).