Karen D. Smith v. Jerry W. Smith et al















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-108-CV

Â Â Â Â Â KAREN D. SMITH,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â JERRY W. SMITH,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee

AND IN THE INTEREST OF
H.T.S., Z.C.S., AND E.C.S., CHILDREN
 

From the 13th District Court
Navarro County, Texas
Trial Court # 99-00-09293-CV
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Jerry W. Smith, Sr. sought a divorce from his wife Karen D. Smith. The trial court granted
the divorce, appointing Jerry as sole managing conservator of the Smithsâ children and ordering
Karen to pay child support. On December 22, 2000, Karen perfected an appeal from the divorce
decree, which we docketed under appellate cause number 10-00-409-CV.
Â Â Â Â Â Â Jerry filed a motion to enforce Karenâs child support obligation on March 5, 2001. The trial
court found Karen in contempt of court, committed her to jail for three days, then placed her on
community supervision for two years. Karen perfected this appeal from the contempt order on
April 3, 2001, which we docketed under appellate cause number 10-01-108-CV.
Â Â Â Â Â Â Karen has now filed a two-part motion in which she requests that we: (1) âconsolidateâ the
record in the contempt appeal (cause number 10-01-108-CV) with the record in the divorce appeal
(cause number 10-00-409-CV); and (2) dismiss the contempt appeal because âthis traditional
appeal is not the appropriate procedural vehicle by which to challenge the trial courtâs contempt
orders.â
Â Â Â Â Â Â Regarding consolidation of the contempt record with the divorce record, Karen asserts that
the former âis pertinent to the [divorce appeal] that will remain pending and any future habeas
corpus proceeding.â Thus, she asserts that âit would be efficient and practical for this Court to 
file the appellate record from the [contempt appeal] in the [divorce] appeal before [the contempt
appeal] is dismissed.â Karen seems to believe that the contempt record might not be available
after the contempt appeal is dismissed. However, section 51.204 of the Government Code
requires the Clerk of this Court to maintain this record for a minimum of six years. See Tex.
Govât Code. Ann. Â§ 51.204(d) (Vernon Supp. 2002). We assume that âany future habeas corpus
proceedingâ which Karen may institute will be filed within the next six years. Karen can file any
appropriate motion regarding the contempt record at that time. Accordingly, we deny her request
to consolidate the records.
Â Â Â Â Â Â Rule of Appellate Procedure 42.1(a)(2) provides:
(a) The appellate court may dispose of an appeal as follows:
(2) in accordance with a motion of appellant to dismiss the appeal or affirm the
appealed judgment or order; but no other party may be prevented from seeking
any relief to which it would otherwise be entitled. 
Tex. R. App. P. 42.1(a)(2).
Â Â Â Â Â Â Karenâs dismissal motion complies with the requirements of the appellate rules. Accordingly,
this cause is dismissed with costs to be taxed against Karen.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM

Before Chief Justice Davis,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Justice Gray
Appeal dismissed
Opinion delivered and filed February 13, 2002
Do not publish
[CV06]



-font-family:"Times New Roman";
mso-ansi-language:EN-US;mso-fareast-language:EN-US;mso-bidi-language:AR-SA'>




   This
appeal concerns a conviction for possession of cocaine.Â  See
Tex. Health & Safety Code Ann.
Â§Â 481.115(a) (Vernon 2003), Â§Â 481.102(3)(D) (Vernon Supp. 2004).Â 
Appellant contends that the trial court erred in not ordering the State
to disclose the identity of an informer.Â 
See Tex. R. Evid. 508(c)(2).Â 
We will affirm.

Â Â Â Â Â  First,
Appellant argues that the informer Âboth was present and participated in the
alleged offense,Â and Âwas a material witness as to whether [Appellant]
knowingly committed a crime.ÂÂ  At most,
the informer was present when Appellant committed the offense of distribution
of cocaine on an earlier occasion, not at the time of the charged offense.Â  See
Long v. State, 137 S.W.3d 726, 733 (Tex. App.ÂWaco 2004, no pet.); Daniels v. State, 25 S.W.3d 893, 898 (Tex. App.ÂHouston [14th Dist.] 2000, no pet.); Bodin v. State, 816 S.W.2d 770, 772-73
(Tex. App.ÂHouston [14th Dist.] 1991, no pet.).

Â Â Â Â Â  Next,
Appellant argues that the person whom Appellant believed was the informer had a
Âlong history of drug useÂ and had Âbeen known to commit crimes [involving]
moral turpitude,Â and that Appellant and the person Âhad recently had an
altercationÂ in which Appellant Âforcibly removed the personÂ from AppellantÂs
property.Â  ÂThe informantÂs credibility
and motives for providing the information leading to the investigation of [the]
appellant have no bearing on whether [the appellant] was guilty or innocent ofÂ
the charged offense.Â  Daniels, 25 S.W.3d at 898.

Â Â Â Â Â  Appellant
also argues that he was denied confrontation and cross-examination of the
informer.Â  ÂThe trial court [does] not
violate [an] appellantÂs right to confront witnesses against him [when] the
confidential informant [does] not testify against him.ÂÂ  Lillard
v. State, 994 S.W.2d 747, 753 (Tex. App.ÂEastland 1999, pet. refÂd).

Â Â Â Â Â  Accordingly,
we overrule AppellantÂs issue.

Â Â Â Â Â  Having overruled AppellantÂs sole issue,
we affirm the judgment.

TOM
GRAY

Chief Justice

Before Chief Justice Gray,

Â Â Â Â Â  Justice
Vance, and

Â Â Â Â Â  Justice Reyna

Â Â Â Â Â  (Justice
Vance dissenting with note)*

Affirmed

Opinion
delivered and filed October 27, 2004

Do
not publish

[CR25]

* Â(Justice
Vance dissents with a note:Â  I believe
that we owe it to the litigants, the higher courts, the Bench and Bar, and the
public generally to provide more of the facts and our analysis in memorandum
opinions.Â  For basically the same reasons
stated in my dissent to Long v. State,
I would find that the court should have disclosed the identity of the
informant.Â  137 S.W.3d 726, 737-38 (Tex. App.ÂWaco 2004, no pet.) (Vance, J.
dissenting).Â  The majority sets the threshold
for disclosure too high.Â  Furthermore,
the trial court held an in camera hearing, the result of which was that Woodson
made a "plausible showing" that the informer, who had purchased
cocaine only two hours before the drug bust, "may be able to give
testimony necessary to a fair determination of a material issue on . . . guilt
or innocence."Â  Because the majority
finds otherwise, I respectfully dissent).Â