Affirmed and Memorandum Opinion filed February 19, 2009








 

Affirmed
and Memorandum Opinion filed February 19, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00876-CR

____________

 

JETHREL ROUNDTREE, JR., Appellant

 

v.

 

THE STATE OF TEXAS, Appellee

 

 



 

On Appeal from the
184th District Court

Harris County,
Texas

Trial Court Cause
no. 1107025

 



 

M E M O R
A N D U M   O P I N I O N

A jury
convicted appellant, Jethrel Roundtree, Jr. of delivery of between one and four
grams of cocaine and, after finding one enhancement paragraph to be Atrue,@ sentenced appellant to confinement
for eighty years.  See Tex. Health & Safety Code Ann. ' 481.112 (Vernon 2003).  In five
issues on appeal, appellant contends the trial court abused its discretion by
admitting evidence of previous drug transactions between appellant and the
State=s witness, informant James Graham. 
We affirm.








                                                               BACKGROUND

On March
6, 2007, James Graham, an informant for the Tomball Police Department, met with
appellant at a fast-food restaurant.  Appellant and Graham offer different
accounts as to what transpired during that encounter.  Graham, who was wired
and under police surveillance, testified that he purchased 1.33 grams of crack
cocaine from appellant for $100.  Appellant denied selling drugs to Graham;
instead, he testified that he simply broke a $100 bill with Graham, receiving
five twenty-dollar bills in turn, so that he could purchase lunch at the
restaurant.  After leaving the restaurant, appellant was arrested, and 18.5
grams of cocaine were seized from a jacket inside the car driven by appellant. 


Appellant
pleaded not guilty to the charged offense of delivery of between one and four
grams of cocaine, and a jury trial ensued.  During opening statements, the
prosecutor asserted that Graham had also purchased cocaine from appellant on
several other occasions, too. Appellant objected that the State failed to provide
notice of its intent to introduce evidence of other drug transactions.  See Tex.
R. Evid. 404(b).  Although appellant=s objection was overruled, the trial
court instructed the State not to mention appellant=s unrelated drug deals with Graham. 
Two of the State=s witnesses then suggested that, at some point before March
6, 2007, Graham had approached the Tomball Police Department about appellant. 
Appellant objected to both witness=s comments, arguing that this
testimony violated the trial court=s instructions not to mention
unrelated drug deals.  The trial court sustained the objections but denied
appellant=s requests for a mistrial or an instruction to the jury to disregard the
comments.

Appellant
testified in his own defense, and then rested.  In rebuttal, the State asked
for permission to recall Graham to testify about appellant=s other drug transactions, arguing
that appellant Aopened the door@ to such evidence during his
testimony.  The trial court granted the State=s request, and Graham testifiedCwithout objectionCthat appellant sold cocaine to him on
six to eight occasions.








The jury
convicted appellant of the charged offense and, finding one enhancement
paragraph to be Atrue,@ assessed appellant=s punishment at eighty years= confinement.  The trial court
certified appellant=s right to appeal.  In five issues, appellant contends the
trial court erred by admitting evidence of extraneous drug transactions other
than the charged offense.

                                                       STANDARD
OF REVIEW

Generally,
we review a trial court=s admission of evidence under an abuse of discretion
standard.  Walters v. State, 247 S.W.3d 204, 217 (Tex. Crim. App.
2007).  A trial court does not abuse its discretion if its evidentiary ruling
was within the Azone of reasonable disagreement,@ and was correct under any legal
theory applicable to the case.  See Winegarner v. State, 235 S.W.3d 787,
790 (Tex. Crim. App. 2007); Bargas v. State, 252 S.W.3d 876, 889 (Tex.
App.CHouston [14th Dist.] 2008, no pet.). 
Thus, because the trial court is usually in the best position to decide whether
evidence should be admitted or excluded, we must uphold its ruling unless its
determination was so clearly wrong as to lie outside the zone within which
reasonable persons might disagree.  See Winegarner, 235 S.W.3d at 790; Hartis
v. State, 183 S.W.3d 793, 801B02 (Tex. App.CHouston [14th Dist.] 2005, no pet.).

                                                                    ANALYSIS        








Appellant
raises five issues to complain that the trial court improperly allowed the
prosecutor and three witnesses to mention extraneous drug transactions, other
than the charged act, that are said to have occurred between appellant and
Graham.  Both parties agree, however, that the outcome of this appeal may turn
upon our resolution of appellant=s fifth issue, in which appellant
contends the trial court erred by ruling that appellant Aopened the door@ to evidence of previous drug
transactions between appellant and Graham.  Specifically, the State suggests
that, if the trial court properly admitted this evidence to correct a false
impression left by appellant, then the other references to appellant=s drug transactionsCthe subject of appellant=s first through fourth issuesCare merely cumulative and therefore
harmless.  Accordingly, we will begin our analysis with appellant=s fifth issue.

A.        False Impression and AOpening the Door@ to Extraneous Acts

Appellant
took the stand at trial and, during direct and cross examination, testified
about the circumstances under which he first met Graham.  He asserted that, in
June or July of 2006, appellant agreed to buy a house in Tomball from Frank
Bernard.  At that time, Graham had been living in the house, and appellant
instructed Graham to vacate the premises.  Appellant also acknowledged having
seen Graham on March 6, 2007, the date of the charged offense, but denied
selling drugs to Graham during their brief encounter.  Appellant=s testimony is otherwise silent as to
the extent of his other dealings, if any, with Graham.

After
appellant left the stand and the defense rested, the prosecutor asked for
permission to recall Graham: AI believe the defense has opened the door to it because he
testified the only contact he=s ever had with Mr. Graham was when Mr. Graham was in his
house back in this time, and, thus, we=re entitled to put on evidence of Mr.
Graham=s previous contacts with the
defendant, namely, purchasing cocaine from him on prior occasions.@  The trial court granted the State=s request.  Graham then testifiedCwithout objectionCthat he had met appellant before
March 6, 2007, and had purchased cocaine from appellant six to eight times.








In his
fifth issue, appellant contends the trial court erred by concluding that
appellant had Aopened the door@ to evidence of previous drug transactions, for three
reasons.  First, he contends his testimony did not Aopen the door@ or create a false impression to the
jury.  Second, he argues, citing Drone v. State, that the State is not
allowed to cross-examine him on a Acollateral matter@ and then contradict his testimony. 
906 S.W.2d 608 (Tex. App.CAustin 1995, pet. ref=d).  Third, he insists that the other
drug transactions were collateral to the charged offense, that is, whether
appellant delivered cocaine on March 6, 2007.  However, we conclude that
appellant has failed to preserve these complaints for appellate review.  See
Haley v. State, 173 S.W.3d 510, 515 (Tex. Crim. App. 2005) (A[P]reservation of error is a systemic
requirement that must be reviewed by the courts of appeals regardless of
whether the issue is raised by the parties[.]@).

When a
defendant claims on appeal that the trial court erred by admitting evidence
offered by the State, he must show that he preserved error by presenting a
proper objection, and that he obtained a ruling on his objection.  See Tex.
R. App. P. 33.1; Geuder v. State, 115 S.W.3d 11, 13 (Tex. Crim. App.
2003).  A proper objection is one that is timely, specific, and made every time
that inadmissible evidence is offered unless one of two exceptions applies.  Geuder,
115 S.W.3d at 13; Ross v. State, 154 S.W.3d 804, 811 (Tex. App.CHouston [14th Dist.] 2004, pet. ref=d).  First, counsel may obtain a
running objection to the complained-of evidence.  See Geuder, 115 S.W.3d
at 13; Ross, 154 S.W.3d at 811.  Second, the objecting party may request
a hearing outside the presence of the jury in which a specific objection is
made.  See Geuder, 115 S.W.3d at 13B14.








Appellant
neither objected, nor obtained a running objection, to Graham=s testimony that appellant had sold
cocaine to him on six to eight occasions.  As to the second exception described
above, we note that the State=s request to recall Graham took place during a brief bench
conference, presumably outside the hearing of the jury.  Although this bench
conference may have satisfied the requirement that a hearing be conducted Aoutside the presence of the jury,@[1] appellant failed to offer a specific
objection to the proffered evidence.  Instead, defense counsel stated, AJudge, I think that based on the
state of the testimony, that it being in rebuttal, I believe it would be inadmissible.@  We hold that appellant=s objection that Graham=s testimony was Ainadmissible@ was too vague and imprecise to
preserve error.  See Daniels v. State, 25 S.W.3d 893, 897 (Tex. App.CHouston [14th Dist.] 2000, no pet.)
(holding error not preserved by non-specific objection that evidence did not
satisfy Athe requirements of the Constitution
and the Code of Criminal Procedure@); Najera v. State, 955 S.W.2d
698, 702 (Tex. App.CAustin 1997, no pet.) (concluding that objection to
prosecutor=s opening statement as Awholly improper@ was not sufficiently specific to
preserve error).[2]  The purpose
of requiring parties to lodge a timely and specific objection is to
inform the trial court of the basis for the objection, and to give the court an
opportunity to rule on the specific objection when the evidence is introduced. 
Aguilar v. State, 26 S.W.3d 901, 906 (Tex. Crim. App. 2000).  Under the
facts of this case, we conclude that appellant=s objection that the evidence was
merely Ainadmissible@ did not properly advise the trial
court of the specific basis for the objection.

Because
appellant did not properly object to Graham=s testimony that appellant had sold
cocaine to him on several occasions other than the incident charged in the
indictment, we hold that appellant has failed to preserve error.  Therefore, we
overrule appellant=s fifth issue.

B.        Other Admissions of Same
Evidence of Previous Drug Transactions








Appellant=s first four issues also complain
about references to this same evidenceCthat is, that appellant sold drugs to
Graham on several other occasionsCthat was admitted without objection. 
Appellant=s first issue arises from comments during the prosecutor=s opening statement[3]
that are alleged to have violated Rule 404(b):

Mr. Graham
will tell you that he is an informant with the Tomball Police Department, and
he has, in fact, provided a lot of information for them on numerous narcotics
cases.

And the way he gets that information is because he himself has used
cocaine in the past.  One of the people that he purchased cocaine from was the
defendant . . . .  You will hear that in the past he had bought cocaine from
[appellant] . . . .

 

Appellant=s second through fourth issues also
relate to testimony by two of the State=s witnesses that, according to
appellant, refers to this same evidence about other drug transactions between
appellant and Graham.[4]  

However,
all four of these issues complain about references to evidence that came in
elsewhereCduring Graham=s rebuttal testimonyCwithout a proper objection. 
Therefore, we hold that the trial court=s error, if any, was rendered
harmless.  See Valle v. State, 109 S.W.3d 500, 509B10 (Tex. Crim. App. 2003); Rivera-Reyes
v. State, 252 S.W.3d 781, 787 (Tex. App.CHouston [14th Dist.] 2008, no pet.). 
Therefore, we overrule appellant=s first four issues.

 

 








                                                                CONCLUSION

Finding
no merit in appellant=s issues, we affirm the trial court=s judgment.

 

 

 

/s/      J. Harvey Hudson

Senior Justice

 

 

 

 

Panel consists of Justices Anderson
and Frost, and Senior Justice Hudson.*

Do Not Publish.  Tex. R. App. P.
47.2(b).









            [1]  See Haley,
173 S.W.3d at 517 (A[W]e find that the bench conference was a hearing
outside the presence of the jury and satisfied Texas Rule of Evidence 103(a).@).  Unlike in the case sub judice, however,
defense counsel in Haley offered specific objections that the evidence
was irrelevant and inadmissible under Rule 403.  See id. at 516.





            [2]  See also
Moore v. State, No. 03-06-00530-CR, 2007 WL 2274888, at *4 (Tex. App.CAustin Aug. 9, 2007, pet. ref=d) (mem. op., not designated for publication) (holding
that counsel=s argument that testimony did not Aopen the door@
did not preserve objections under Rules 403 or 404(b)).





            [3]  Appellant
acknowledges that an opening statement is not evidence that the jury may
consider.  See Bigby v. State, 892 S.W.2d 864, 886 (Tex. Crim. App.
1994).





            [4]  Specifically,
appellant=s second issue discusses testimony by Ron Stewart, a
sergeant with the Tomball Police Department, who testified that Graham had Atold us previously about@ appellant.  Appellant contends that this reference pertains to the
evidence of previous drug deals between appellant and Graham.  In appellant=s third and fourth issues, he complains of similar
testimony from Gary Hammond, a Tomball police officer, to the effect that Aprevious to that Mr. Graham had told us about
[appellant] here.@  Again, appellant argues that this testimony amounts
to a reference to appellant=s other drug
deals.





            * 
Senior Justice J. Harvey Hudson sitting by assignment.