

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-21-00049-CV

**IN THE INTEREST OF S.R.F.** and S.W.F., Children

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2019PA00061
Honorable Mary Lou Alvarez, Judge Presiding

Opinion by:     Lori I. Valenzuela, Justice

Sitting:        Patricia O. Alvarez, Justice
                Irene Rios, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: August 25, 2021

MOTIONS TO DISMISS GRANTED, AFFIRMED

After a jury trial, the trial court rendered a final order terminating the parental rights of S.R.F. and S.W.F.'s Mother and Father.[1] During the appeal, Father died, and his appointed counsel and the children's foster parents filed motions to dismiss his appeal. Mother argues the trial court erred by holding a virtual jury trial and admitting into evidence drug test results. We grant the motions to dismiss and affirm.

### BACKGROUND

On January 11, 2019, the Texas Department of Family & Protective Services filed a petition to terminate the parental rights of S.R.F. and S.W.F.'s Mother and Father. The Department

---

[1] To protect the identity of the minor children, we refer to the children by initials. *See* TEX. FAM. CODE § 109.002(d); TEX. R. APP. P. 9.8. For the same reason, the children's mother is referred to as Mother, and the children's father is referred to as Father.

sought termination pursuant to multiple predicate grounds under Texas Family Code section 161.001(b)(1). After an eight-day jury trial on the merits, the jury found several grounds for termination for both parents, including Mother's inability to provide for her children because of her mental illness. The jury also found that termination of parental rights was in the children's best interest. After the trial court rendered a final order terminating both parents' rights and awarding the Department permanent managing conservatorship of the children, both parents appealed.

## FATHER'S APPEAL

Father died while this appeal was pending. Generally, Texas Rule of Appellate Procedure 7.1 provides the relevant procedure for when a party dies during an appeal. *See* TEX. R. APP. P. 7.1(a)(1). "If a party to a civil case dies after the trial court renders judgment but before the case has been finally disposed of on appeal, the appeal may be perfected, and the appellate court will proceed to adjudicate the appeal as if all parties were alive." *Id.* "The appellate court's judgment will have the same force and effect as if rendered when all parties were living. The decedent party's name may be used on all papers." *Id.* However, "Rule 7.1 does not dispense with the requirement of an existing actual controversy and generally an appeal will be allowed to proceed on the death of a party only if the judgment affects the parties' property rights as opposed to purely personal rights." *In re C.H.S.*, No. 07-17-00117-CV, 2017 WL 6614508, at *1 (Tex. App.—Amarillo Dec. 20, 2017, no pet.) (mem. op.).

The requirement of an existing actual controversy arises from the Texas Constitution, which prohibits courts from rendering advisory opinions. *Patterson v. Planned Parenthood of Houston & Se. Tex., Inc.*, 971 S.W.2d 439, 442–43 (Tex. 1998). A court renders an advisory opinion in deciding a claim that is not justiciable. *Id.* at 442. For a claim to be justiciable, "there must exist a real and substantial controversy involving a genuine conflict of tangible interests and not merely a theoretical dispute." *City of Helotes v. Miller*, 243 S.W.3d 704, 708 (Tex. App.—San

Antonio 2007, no pet.). A claim is not justiciable if the party asserting the claim lacks standing, the controversy is not yet ripe, or the controversy has become moot. *See Patterson*, 971 S.W.2d at 442–43; *Miller*, 243 S.W.3d at 708. Thus, the issues of standing, ripeness, and mootness affect a court's subject matter jurisdiction and authority to render a judgment on the merits of a case. *See Patterson*, 971 S.W.2d at 442–43; *Miller*, 243 S.W.3d at 708.

The death of a party sometimes moots an appeal. *In re Matter of Guardianship of Venegas*, 615 S.W.3d 374, 375 (Tex. App.—El Paso 2020, no pet.). "An appeal is moot when a court's action on the merits cannot affect the rights of the parties." *Id.* (quoting *Zipp v. Wuemling*, 218 S.W.3d 71, 73 (Tex. 2007) (per curiam)). Generally, a party's death moots an appeal to the extent the appellate court's action on the merits could affect personal rights, but not to the extent the court's action on the merits could affect property rights. *See C.H.S.*, 2017 WL 6614508, at *1. Conservatorship and possessory rights regarding children are considered personal rights; thus, the death of a party during an appeal of an order concerning child custody will generally moot the appeal. *See Dunaway v. Phillips*, No. 01-19-00698-CV, 2019 WL 5996618, at *1 (Tex. App.—Houston [1st Dist.] Nov. 14, 2019, no pet.) (mem. op.).

The children's foster parents' motion to dismiss Father's appeal asserts the appeal is moot. The Department agreed. Father's court-appointed attorney filed a suggestion of death and motion to dismiss the appeal. The suggestion of death and motion to dismiss state no property rights were decided at trial and Father's notice of appeal "was filed regarding only the termination of his parental rights. There were not any 'property' issues to be appealed by appellant." It is undisputed Father has died. Additionally, it is undisputed that there are no issues affecting property rights presented in Father's appeal, therefore, we grant the motions to dismiss and dismiss Father's appeal as moot.

**MOTHER'S APPEAL**

In two issues, Mother asserts the trial court (1) violated her constitutional rights by conducting a remote jury trial and (2) erred in admitting into evidence drug test results over Mother's hearsay objection.

***Virtual Jury Trial***

Mother argues the trial court violated several constitutional rights by conducting a virtual jury trial. We need not address this issue because it was not preserved for our review.

To preserve an issue for our review, the record must show that trial counsel objected with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context. TEX. R. APP. P. 33.1(a); *Burbage v. Burbage*, 447 S.W.3d 249, 256 (Tex. 2014); *see also Montelongo v. State*, 623 S.W.3d 819, 822 (Tex. Crim. App. 2021) ("[T]he party must 'let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in a position to do something about it.'"). At the pre-trial hearing, Father's counsel stated:

> Yes, Judge, we would have an objection. We are dealing with constitutional rights here. This isn't a case over a contract. Analogous to criminal law.
>
> For that reason, we feel that in-person jury is required for termination of parental right lawsuit filed by the government.

Mother's counsel joined the objection:

> Your Honor, I object to the virtual, aligned with the father and his attorney with that.
>
> I would ask for mediation to be able to go over some of the other forms that the Court has spoken about with my client, to see at that time after mediation we come back and advise the Court, I would like to change that announcement, but as of right now, I would be objecting to virtual trial.

At trial, Mother did not object to the virtual trial and announced ready. On appeal, Mother articulates a host of alleged constitutional violations implicated by remote jury trial proceedings:

- Due process rights to the care, custody, and control of children under the Fourteenth Amendment of the United States Constitution and Article I, Section 19 of the Texas Constitution.

- Right to a trial by jury under the Fifth, Seventh, and Fourteenth Amendments to the United States Constitution.

- Right to an impartial jury because of inadequate *voir dire* under the Sixth Amendment of the United States Constitution and Article I, Section 10 of the Texas Constitution.

- Right to an impartial jury because of trial counsel's inability to intelligently use peremptory challenges under the Sixth Amendment of the United States Constitution and Article I, Section 10 of the Texas Constitution.

- Right to effective assistance of counsel under the Sixth Amendment of the United States Constitution and Article I, Sections 10, 13, and 19 of the Texas Constitution.

- Right to meaningful examination and scrutiny of testimony at trial and effective assistance of counsel because of an alleged lack of safeguards assuring compliance with Texas Rule of Evidence 614 (i.e., "the Rule") under the Sixth and Fourteenth Amendments of the United States Constitution and Article I, Sections 10 and 19 of the Texas Constitution.

- Right to direct examination and presentation of evidence arising under the Compulsory Process Clause of the Sixth Amendment of the United States Constitution and Article I, Section 10 of the Texas Constitution, and the right to due process enshrined in both. This argument embraces (1) the right to present demonstrative evidence and demonstrative aids, including demonstrative evidence requiring a witness's physical interaction and the jury's ability to inspect evidence for physical traits and quality; and (2) the right to refresh the recollection of a witness.

- Right to confrontation under the Sixth Amendment of the United States Constitution and Article I, Section 10 of the Texas Constitution.

Constitutional claims must be raised in the trial court or they are not preserved for appellate review. *In re L.M.I.*, 119 S.W.3d 707, 711 (Tex. 2003); *Tex. Dep't of Protective & Regulatory Servs. v. Sherry*, 46 S.W.3d 857, 861 (Tex. 2001). Under the unique circumstances of this case, Mother's generalized complaint in a pre-trial hearing, that "constitutional rights are implicated" before later announcing ready for trial was not sufficient to preserve this issue for our review

because the complaint does not tell the trial court *why* she was entitled to the relief sought so that the trial court could make an informed ruling. TEX. R. APP. P. 33.1(a); *Burbage*, 447 S.W.3d at 256; *Montelongo*, 623 S.W.3d at 822; *cf. In re B.L.D.*, 113 S.W.3d 340, 354 (Tex. 2003) ("[W]e conclude that while the parents' and State's interests in obtaining review of unpreserved error may be high, the State's additional competing interest in protecting the best interests of the children through judicial economy, certainty, and finality is at least equally compelling.").

Mother's arguments on appeal are directed at hypothetical constitutional violations. She does not direct us to where—and it is not apparent from the record that—her constitutional rights were actually violated during the virtual jury trial. Mother did not object to the process of jury selection nor did she object during trial that remote examination of a witness violated her right of confrontation. In an analogous case, our sister court recently determined appellate review of an alleged violation of a right to confrontation was not preserved:

> Mother objected to continuing the trial by videoconference, but the objection was late and not specific. Mother's general reference to "constitutional protections" was too vague and indefinite to preserve a Confrontation Clause complaint for appeal. *See Dupuy v. State*, –—— S.W.3d ——, ——, No. 14-19-00119-CR, 2020 WL 1942410, at *7 (Tex. App.—Houston [14th Dist.] Apr. 23, 2020, pet. ref'd) (appellant's bare objection on basis of "constitutionality" was not sufficiently specific to preserve complaint under Confrontation Clause); *Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005) (hearsay objection does not preserve confrontation complaint); *Daniels v. State*, 25 S.W.3d 893, 897 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (holding error not preserved by non-specific objection that evidence did not satisfy "the requirements of the Constitution and the Code of Criminal Procedure"). Although the trial court indicated an understanding that Mother would prefer an in-person hearing, the objection did not apprise the court of the complaint made on appeal that the Confrontation Clause *required* an in-person hearing.

*In re D.B.S.*, 05-20-00959-CV, 2021 WL 1608497, at *5 (Tex. App.—Dallas Apr. 26, 2021, pet. denied) (emphasis in original). Mother's joinder in Father's objection that "[w]e are dealing with constitutional rights here" is likewise too vague and indefinite to preserve error. *See id.*

In the unprecedented context of virtual jury trials during a pandemic, the trial court could neither implicitly nor contextually understand the nature of trial counsel's objection at the pre-trial hearing based on experience or legal precedent. Put another way, the specific grounds of Mother's objections asserted on appeal could not have been apparent from the context of trial counsel's objection that "[w]e are dealing with constitutional rights here." *See* TEX. R. APP. P. 33.1(a). We hold this issue has not been preserved for our review.

### *Admission of Drug Tests*

Mother asserts the trial court erred in admitting drug test results. "The admission or exclusion of evidence rests within the sound discretion of the trial court." *In re E.A.G.*, 373 S.W.3d 129, 144 (Tex. App.—San Antonio 2012, pet. denied). "A trial court abuses its discretion if its decision is arbitrary, unreasonable, and without reference to any guiding rules and principles." *Id.*

To obtain reversal of a judgment based on a trial court's error in admitting or excluding evidence, Mother must show (1) the trial court committed an error, and (2) the error was reasonably calculated to cause, and probably did cause, rendition of an improper judgment. *State v. Cent. Expressway Sign. Assoc.*, 302 S.W.3d 866, 870 (Tex. 2009); *In re D.J.H.*, 2012 WL 1654953, at *3 (Tex. App.—San Antonio May 9, 2012, no pet.); TEX. R. APP. P. 44.1(a). In making this determination, we review the entire record. *Cent. Expressway Sign Assocs.*, 302 S.W.3d at 870.

Erroneously admitting evidence "will not result in reversal when other such evidence was received without objection, either before or after the complained-of ruling." *Coble v. State*, 330 S.W.3d 253, 282 (Tex. Crim. App. 2010). An error in the admission of evidence is deemed

harmless if the same or similar evidence was introduced without objection. *Volkswagen of America, Inc. v. Ramirez*, 159 S.W.3d 897, 907 (Tex. 2004). Erroneous admission of evidence is harmless if it is merely cumulative. *Nissan Motor Co., Ltd. v. Armstrong*, 145 S.W.3d 131, 144 (Tex. 2004).

Mother asserts error in the admission of State's Exhibits 4, 5, 6, 7, and 8. Notably, Exhibits 7 and 8 are Father's drug test reports. Two of the test results reflect Mother tested positive for amphetamines and methamphetamine (on September 10, 2019 and January 24, 2020); one reflects Mother tested negative (on November 5, 2020); and two reflect Father tested positive for amphetamines and methamphetamine (on May 1, 2020 and December 16, 2020). Assuming without deciding the trial court abused its discretion in admitting these exhibits, we hold the admission of the drug test reports was harmless for two, independent reasons.

First, the reports were cumulative of other evidence admitted without objection. *See Volkswagen*, 159 S.W.3d at 907; *In re A.D.H.-G.*, 2016 WL 3182610, at *4–6 (Tex. App.—Tyler June 8, 2016, no pet.); *In re D.J.H.*, 2012 WL 1654953, at *3. Mother and Father both testified to contemporaneous drug use without objection. Mother testified (1) she tested positive for amphetamine on at least three occasions; (2) she used methamphetamines when submitting to drug tests in September 2019 and December 2019; (3) she knew Father tested positive for drugs; (4) she continued using illicit drugs after previous returns of her children by CPS; (5) in response to questioning by her own attorney, her last relapse of drug use was in December 2019 and that her last positive hair follicle test was in January 2020; (6) she hid her drug use from Father; and (7) one of her children tested positive for amphetamines at birth and her "drug of choice" was methamphetamines. Multiple witnesses confirmed this testimony without objection.

Father testified (1) he used methamphetamines after the children were taken by CPS; (2) he used methamphetamines with Mother; (3) he tested positive for methamphetamines,

amphetamines, and marijuana on multiple occasions; (4) he tested positive in August 2020 and December 2020; and (5) in response to questioning by his own attorney, he tested positive on his most recent hair follicle test. Even if the drug tests were not admitted into evidence, there was sufficient testimony from Mother and Father, witnesses to corroborate their testimony, and evidence to support the verdict. Accordingly, the admission of the test results was harmless.

Second, the jury found Mother's parental rights should be terminated on grounds not relying on evidence of drug use. Specifically, the jury found termination warranted because Mother's mental illness renders her unable to provide for the physical, emotional, and mental needs of the children. *See* TEX. FAM CODE § 161.003(a)(1). Mother is diagnosed with schizoaffective disorder, unspecified bipolar disorder, and unspecified anxiety disorder. She was involuntarily admitted eleven times and voluntarily admitted herself one time because of her hallucinations and actions taken in response to them.

Numerous witnesses—including Mother—testified to Mother's severe mental health issues. Mother experienced vivid hallucinations, such as hearing voices of women (with whom she believed Father was cheating) hidden in the walls, under the floors, and in the attic of her home. Mother used knives and an axe to damage the walls and floor to locate the women—at times, with the children present. She sprayed bleach through holes she punched in the wall to force the women out of the walls. She also believed her hair and arms were being burned by "electrolysis" or "electromagnetism," although witnesses testified that they did not observe burns when presented by Mother. The drug test results are irrelevant to the jury's finding that Mother's mental illness rendered her incapable of providing for the children as a ground for termination. Their admission was therefore harmless.

**CONCLUSION**

Father's appeal is dismissed as moot, and the judgment of the trial court is affirmed.

Lori I. Valenzuela, Justice