

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-21-00170-CV

---

IN RE: THE COMMITMENT OF ANDREW PENA, APPELLANT

---

On Appeal from the 242nd District Court
Hale County, Texas
Trial Court No. B43349-2006, Honorable Kregg Hukill, Presiding

---

June 15, 2022

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

The State of Texas filed a petition to commit appellant, Andrew Pena, as a sexually violent predator. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 841.001–.153. The jury found that Pena is a sexually violent predator, and the trial court entered an order of civil commitment, from which Pena appeals. We affirm.

### BACKGROUND

The State filed a petition alleging Pena is a sexually violent predator and requesting his commitment for treatment and supervision. The case was tried to a jury. The State presented pen packets showing Pena's 1998 convictions for three sexual

offenses, namely aggravated sexual assault of a child and two counts of indecency with a child. Pena's three victims were his stepdaughters, each of whom was aged nine or ten at the time Pena offended against her.[1] Pena served three concurrent twenty-five-year sentences for these convictions. The State's expert witness, a forensic psychologist who had performed an evaluation of Pena, testified to his opinion that Pena suffers from a behavioral abnormality. Pena was the only other witness to testify. After considering the evidence, the jury found Pena to be a sexually violent predator.

## ANALYSIS

Admission of Evidence

In his first issue, Pena asserts that the trial court erroneously admitted hearsay evidence that Pena committed an uncharged, unadjudicated sex offense against his ex-wife, "Rebecca." We review a complaint about the admission or exclusion of evidence for an abuse of discretion. *In the Interest of J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005) (per curiam). To demonstrate reversible error in the admission of evidence, an appellant must show (1) that the trial court's ruling was erroneous and (2) that the error was calculated to cause, and probably did cause, the rendition of an improper judgment. *See* Tex. R. App. P. 44.1(a); *U-Haul Int'l v. Waldrip*, 380 S.W.3d 118, 136 (Tex. 2012). In making this determination, we examine the entire case, "considering the evidence as a whole, the strength or weakness of the case, and the verdict." *Waldrip*, 380 S.W.3d at 136.

---

[1] The evidence indicated that the abuse continued over a period of several years.

Pena's opening brief does not argue that he was harmed by the admission of the complained-of evidence. He contends, in his reply brief, that the evidence "probably 'helped' the jury arrive at its verdict." Assuming without deciding that the trial court admitted this evidence in error, Pena has failed to demonstrate that the admission of the evidence probably caused the rendition of an improper judgment. *See In re Commitment of Fant-Caughman*, No. 07-20-00084-CV, 2021 Tex. App. LEXIS 5591, at *4–5 (Tex. App.—Amarillo July 14, 2021, no pet.) (where appellant fails to demonstrate that challenged evidence probably caused the rendition of improper judgment, reviewing court cannot conclude that admission of such evidence was harmful).

A person is a sexually violent predator if the person (1) is a repeat sexually violent offender and (2) suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence. TEX. HEALTH & SAFETY CODE ANN. § 841.003. Here, the record contains ample evidence from which the jury could find that Pena is a sexually violent predator. This evidence included testimony from the State's expert that Pena suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence and that Pena has difficulty controlling his behavior.[2] The State's expert diagnosed Pena with pedophilic disorder, meaning he has a pattern of sexual attraction to prepubescent children, and further testified that pedophilic disorder is a chronic disorder that "doesn't go away." There was also evidence of Pena's repeated sexual offenses against his three young stepdaughters over the course of several years,

---

[2] The State's expert testified that the evidence that Pena sexually assaulted his ex-wife "fits in" with the other evidence showing Pena's difficulty controlling behavior, but that it "doesn't carry as much weight as an actual conviction." His testimony indicated that the alleged conduct was only a small consideration in his overall evaluation.

his failure to take accountability or show remorse for those offenses, his antisocial personality disorder, and his nonsexual criminal history, which began when he was a juvenile. Pena has not shown how the admission of evidence of an alleged separate sexual offense against his ex-wife harmed him, and on the record before us we cannot conclude that the admission of such evidence probably caused the rendition of an improper judgment. Therefore, we overrule Pena's first issue.

Constitutional Challenges

In his second issue, Pena contends that the Texas Supreme Court's decision in *In re Commitment of Stoddard*, 619 S.W.3d 665 (Tex. 2020), renders chapter 841 of the Texas Health and Safety Code facially unconstitutional. Pena's third issue maintains that the 2015 legislative amendments to chapter 841 also render the chapter facially unconstitutional under the Texas Supreme Court's decision in *In re Commitment of Fisher*, 164 S.W.3d 637 (Tex. 2005). The State responds that Pena did not preserve for appellate review his contentions regarding chapter 841's constitutionality.

To preserve a complaint for appellate review, a party must present to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling. TEX. R. APP. P. 33.1. Even a constitutional challenge can be forfeited if not properly raised in the trial court. *See Loftin v. Lee*, 341 S.W.3d 352, 356–57 n.11 (Tex. 2011) (party that did not raise constitutional issues in trial court cannot argue them on appeal). The requirement for error preservation applies to both challenges that a statute is unconstitutional on its face or as applied to the appellant. *See In re L.M.I.*, 119 S.W.3d 707, 711 (Tex. 2003); *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009)

4

(defendant may not raise facial challenge to constitutionality of statute for first time on appeal).

As to his second issue, Pena does not cite to any place in the record where he made a constitutional challenge to chapter 841 in the trial court. The record does not indicate that Pena raised the issue before or during trial or in his motion for new trial. But Pena suggests that he was not required to raise the issue in the trial court because the *Stoddard* opinion did not become final until after the trial court's deadline for filing dispositive motions, which was November 3, 2020. As the parties note, the *Stoddard* opinion was issued on December 18, 2020, and the Supreme Court issued mandate on April 16, 2021. The record reflects that between November 3 and April 16, Pena filed two motions for continuance and the trial was reset three times. The case did not proceed to trial until May 4, 2021. We conclude that Pena had the opportunity to present his claim of constitutional infirmity to the trial court but failed to do so. *See In re Commitment of Lucero*, No. 09-14-00157-CV, 2015 Tex. App. LEXIS 1098, at *25 (Tex. App.—Beaumont Feb. 5, 2015, pet. denied) (mem. op.) (finding that constitutional challenge was not preserved where appellant claimed he could not have raised it before trial court due to timing of court's decision in another case). Because Pena failed to preserve this issue for review, it is overruled.[3]

As to his third issue, regarding the effect of 2015 legislative amendments to chapter 841 under *In re Commitment of Fisher*, Pena claims in his reply brief that the

_____

[3] We note that at least one of our sister courts has rejected the argument presented by Pena regarding the effect of *Stoddard.* *See In re Commitment of Ausbie*, No. 14-18-00167-CV, 2021 Tex. App. LEXIS 3881, at *41–42 (Tex. App.—Houston [14th Dist.] May 18, 2021, pet. denied) (substitute mem. op.).

issue was raised in the trial court. Pena then cites to the portion of the record showing that, following trial, after the jury had been excused, Pena's counsel stated:

> At this time, Respondent would object to the commitment of Mr. Pena as unconstitutional. Mr. Pena has spent 22 years in prison[;] after his prison sentence he will be transported to a lockdown facility, he will have to wear an ankle monitor, and he will remain there for an indefinite time. We feel this is a violation of the [C]onstitution, essentially taking custody, because of the punitive nature of confinement within the American Constitution.

While Pena's counsel referenced "a violation of the [C]onstitution," the argument made to the trial court does not comport with the constitutional challenge Pena now raises on appeal. *See In re N.T.*, 335 S.W.3d 660, 670 (Tex. App.—El Paso 2011, no pet.) (party's argument on appeal must comport with party's argument in the trial court to preserve error). Pena's broad assertion of unconstitutionality was too vague and indefinite to preserve the complaint he raises on appeal regarding the interplay between 2015 legislative amendments and a 2005 Texas Supreme Court decision. *See Dupuy v. State*, 631 S.W.3d 233, 242 (Tex. App.—Houston [14th Dist.] 2020, pet. ref'd) (bare objection on basis of "constitutionality" not specific enough to apprise trial court of complaint under Confrontation Clause); *Daniels v. State*, 25 S.W.3d 893, 897 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (error not preserved by non-specific objection that evidence did not satisfy Constitution and Code of Criminal Procedure). We therefore conclude that this statement lacks the specificity needed to preserve the issue Pena has raised on appeal. Pena's third issue is overruled.

6

**CONCLUSION**

For the foregoing reasons, we affirm the trial court's judgment.


Judy C. Parker
Justice